## Donnelly *v.* Hoopes, Appellant.

*Accord and satisfaction—Evidence—Principal and agent.*

Where a person agrees to accept from another a sum less than he was entitled to receive under a prior agreement, and the debtor in the absence of the creditor from the country, pays over the money to an office associate of the creditor whom he claims was the creditor's agent, and the creditor on his return denies the agency and a jury finds that there was no agency, the satisfaction following the accord is not complete, and the creditor is entitled to recover the amount due him under the original agreement.

Argued Oct. 16, 1912. Appeal, No. 59, Oct. T., 1912, by defendant, from judgment of C. P. Phila. Co., Sept. T., 1910, No. 2,906, on verdict for plaintiff in case of Michael F. Donnelly v. Bernard Hoopes. Before RICE, P. J.,

HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.
Affirmed.

Assumpsit for money had and received.  Before RALS-
TON, J.

In addition to the facts stated in the opinion of the Su-
perior Court the following correspondence was produced
in evidence·

"PHILADELPHIA, June 24th, 1910.

" M. F. Donnelly, Esq.,

    " 414 Crozer Bldg.,

        " 1420 Chestnut St., Phila.

" Dear Sir:

"Before you go away I would like to have the property
1517 and 1519 Vine St. in shape to either lease, sell or
improve.  Will you make an agreement to the effect
if I lease, improve or sell I to pay you Five Hundred Dol-
lars, to cancel and return me the agreements you hold
in regard to the property.  I do not mean Five Hundred
Dollars now, but I think it would be better to have an
agreement of this kind so that I will be free to make any
kind of a deal in case anything should arise while you are
away.  Of course I would not care to make any kind of
improvements which would make the property sell for
a higher price than it would at this time.  As you have
the money returned you have nothing to lose and I think
such an agreement should be satisfactory to you.

                " Very truly,
                    " (Signed) BERNARD HOOPES."


                            "June 27th, 1910.

" Mr. Bernard Hoopes,

    " 902 Sansom Street, Phila.

" My dear Mr. Hoopes:

    " Your letter of the 24th inst. received and contents
noted.  In reply would say that you are at liberty to
lease or improve the properties 1517 and 1519 Vine Street
and when either of these things are done pay me the sum

of $500 but as to the selling of course under our agreement I am to receive half of the selling price over $15,000, and they are not to be sold for less than $16,000.

"Should you desire to close this matter entirely as far as my interest is concerned I will gladly surrender all the agreements on receipt of the $500, then you will be in position to sell for any price.

"Very truly yours,

" (Signed) MICHAEL F. DONNELLY."

"PHILADELPHIA, July 2nd, 1910.

" M. F. Donnelly, Esq.,

" 414 Crozer Bldg., Phila.

" Dear Sir:

"Yours of 27th June rec'd.

" I understand by your letter that if I desire to close the matter in regard to 1517–19 Vine St. I can pay you Five Hundred Dollars and you will surrender all the agreements.

"Before you leave for Europe I wish you would leave these agreements in the hands of Mr. McSorley so that I can close this matter if anything arises while you are in Europe.

"Very truly,

" BERNARD HOOPES."

"July 19, 1910.

" Mr. Bernard Hoopes,

" 9th and Sansom Sts., Phila.

" My dear Mr. Hoopes:

" After stating over the 'phone yesterday that I had the agreements made between you and Mr. Donnelly I looked through his papers for same, but was not able to come across them. He gave me to understand before sailing for abroad that same were with other papers he gave me, but I have concluded that either he took them home with him, or else left them in his safety vault.

"Under this aspect of the matter it will be impossible

for me to turn same over to you, so that the matter will have to await the arrival of Mr. Donnelly in September.

"Very truly yours,

"(Signed) RICHARD MCSORLEY."

"$500.00                              July 25, 1910.

"Received of Mr. Bernard Hoopes Five Hundred Dollars, which, under the terms of letter from Michael F. Donnelly to said Mr. Bernard Hoopes, dated June 27th, 1910, would make void any and all existing agreements, relative to the sale and purchase of premises 1517 and 1519 Vine Street and premises in rear of these Vine Street properties.

"(Signed) RICHARD T. MCSORLEY."

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $1,265.67. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*Charles H. Burr*, for appellant.—The payment by an offeree of a sum of money under the terms of an offer stipulating for the payment of that sum is an acceptance by the offeree and binds the offerer to performance of the promises contained in his offer: Hoffman v. R. R. Co., 157 Pa. 174; Weaver v. Wood, 9 Pa. 220; Howard v. Daly, 61 N. Y. 362.

The case does not involve the question of agency.

Mr. Hoopes carried the agreement out by leaving the money at Mr. Donnelly's office: Howard v. Daly, 61 N. Y. 362.

Plaintiff having made an offer and then departed the country, defendant was only bound to act within the jurisdiction: Allshouse v. Ramsay, 6 Wharton, 331; Santee v. Santee, 64 Pa. 473.

*Bernard J. O'Connell*, for appellee.—It is admitted on all sides that there was no defense to a suit on the original

contract unless it arose by way of "accord and satisfaction" growing out of the subsequent correspondence, and the argument may, therefore, naturally be treated of under the three following propositions:

1. The subsequent correspondence did not constitute an agreement or an "accord."

2. But, even if that correspondence did constitute an "accord," there was no "satisfaction" of it.

3. The alleged agreement or "accord" set up through the letters was nudum pactum: Slaymaker v. Irwin, 4 Wharton, 369; Allen v. Kirwan, 159 Pa. 612; Clements v. Bolster, 6 Pa. Superior Ct. 411; Dougherty v. Briggs, 231 Pa. 68; Hearn v. Kiehl, 38 Pa. 147; Hosler v. Hursh, 151 Pa. 415; Diller v. Brubaker, 52 Pa. 498; Keeler v. Neal, 2 Watts, 424; Martin v. Frantz, 127 Pa. 389.

OPINION BY HEAD, J., December 9, 1912:

The single contention of the defendant in this case is that the learned trial judge fell into error in refusing to direct a verdict in his favor. A brief consideration of the undisputed facts, viewing them in the light most favorable to the defendant that the circumstances will permit, will clearly show that the learned judge below could not have properly withheld from the jury the determination of at least one controlling question of fact.

It is conceded that the defendant entered into an agreement with the plaintiff whereby he undertook to sell and convey to the latter certain property in the city of Philadelphia for the sum of $15,000. Being of opinion that he had made a bad bargain, he induced the plaintiff to cancel and surrender that agreement and accept in its stead another, by the terms of which the defendant promised and agreed to pay to the plaintiff one-half of any sum above $15,000 for which he might be able to sell the said property, it being stipulated that such sale should not be made for less than $16,000. The defendant subsequently sold the property for $17,500, and the plaintiff brought this action to recover his share of the excess over and

above the purchase price named in the first agreement. By way of defense to this claim the defendant sets up a third agreement in the nature of an accord and satisfaction. He alleged that the plaintiff, being about to depart on a European trip, offered to accept the sum of $500 cash in lieu of the unliquidated sum which he would have been entitled to receive under the second agreement referred to. He further declared in his affidavit of defense that he had accepted the plaintiff's offer after his departure and had paid to one McSorley, as the plaintiff's agent, the said sum of $500. Leaving aside for the present the consideration of a number of questions of more or less difficulty and importance, argued in the briefs of counsel, we naturally turn our attention to the disposition of the question of fact raised by the allegation of the affidavit of defense to which we have just referred. It appeared from the evidence that the plaintiff and McSorley were members of the bar, occupying the same offices, but that no partnership of any kind existed between them. Although the plaintiff had been requested, in a letter from the defendant, to leave his papers and contracts in the hands of McSorley when he went abroad, he declined to do it. The defendant, having completed or about completed a sale of his property for $17,500, undertook to accept what he alleged to be an offer from the plaintiff to relinquish his interest for $500 and to satisfy the terms of that agreement by paying $500 to McSorley. The latter at once declared that he was no agent of the plaintiff and had no authority to act for him. Being shown a letter from the plaintiff to the defendant and urged by the latter on the strength of that letter to accept the money and sign a receipt as the plaintiff's agent, McSorley refused to' do that. He did finally agree to accept the money in his own name and gave the defendant a receipt for it signed by him individually.

Upon the return of Donnelly, the plaintiff, from Europe and his receipt of information of the facts just stated, he promptly repudiated the arrangement that had been

made and directed McSorley to return the money to the defendant. This he undertook to do, but the defendant declined to receive it, and so far as this record shows it still remains in the hands of McSorley.

Assuming that there was sufficient evidence to enable the learned trial judge to declare that the defendant had established a good accord upon a legal consideration, it must be manifest that, unless it was completed by satisfaction, the defense would fail. Although the evidence tending to establish any agency of McSorley was extremely meager, the learned trial judge submitted to the jury, in a charge of which the defendant can and does make no complaint, the determination of the question of fact whether or not McSorley had any authority whatever to receive the money and bind the plaintiff thereby. The verdict, under the terms of the submission, is an unmistakable answer to that question adverse to the defendant's contention. The able counsel who argues for the appellant frankly admits at bar that this question of fact has been determined against his contention. That being true, the defendant's plea of accord and satisfaction failed and there was nothing left for the court below to do but direct the entry of a judgment on the verdict. The assignments of error are overruled.

Judgment affirmed.